**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONA CASIANO, *Plaintiff,* v. ELIJIAH ADDISON et al., *Defendants.* | Civil Action No. 23-23358 **OPINION** April 17, 2025 |

**SEMPER**, District Judge.

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Leona Casiano's motion for preliminary injunction against Elijah Addison, Laura Morrison, Theresa Stubbs, Marlene Coluin, Quinton Prioleau, and Gladys Jacobs ("Defendants"). (ECF 44, "Pl. Mot.") Plaintiff filed a brief in support of her motion requesting expedited consideration of the preliminary injunction motion. (ECF 47, "Pl. Br.") Defendants filed a brief in opposition. (ECF 46, "Def. Br.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's motion is **DENIED**.

    **WHEREAS** Plaintiff moves for a preliminary injunction prohibiting each Defendant from running for office in an upcoming election of their union chapter, Local 549 ("Local 549") of the American Federation of State, County and Municipal Employees ("AFSCME"). (Pl. Mot. at 1.) Plaintiff and one of the named Defendants are running for the position of union president of Local

549.[1]  (Def. Br. at 3.)  The election for union president is currently scheduled for April 18, 2025. (*Id.*)  Plaintiff alleges that Defendants have embezzled union funds by cashing several unexplained stipend checks from the Local 549 bank account maintained at TD Bank.[2]  (Pl. Mot. at 2.)  Plaintiff argues that she "and over 500 Union members of Local 549 are likely to suffer irreparable financial harm" if the Defendants are permitted to run in the local union election on April 18, 2025.  (*Id*. at 1.)  Defendants contend that all actions they took as officers of the union were appropriate and that they acted in accordance with the Local 549 and the AFSCME International Constitutions while in holding positions of authority within the union. (Def. Br. at 4).  Plaintiff's allegations also form the basis of her Complaint, filed on December 21, 2023, which asserts various causes of action under the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401 *et seq*.  (*See* ECF 1-3, "Compl." at 2.)  The parties are currently in the midst of fact discovery.  (Def. Br. at 4; *see* ECF 30, Pretrial Scheduling Order); and

      **WHEREAS** granting a preliminary injunction is an "extraordinary remedy" that "should be granted only in limited circumstances." *Mallet & Co. v. Lacayo,* 16 F.4th 364, 391 (3d Cir. 2021).  To determine whether to grant such a remedy, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation[;]" (2) whether the movant "will be irreparably injured . . . if relief is not granted[;]" (3) "the possibility of harm to other interested persons from the grant or denial of the injunction[;]" and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173,

---

[1] Neither Plaintiff nor Defendants identify which Defendant is running in the Local 549 election in their respective papers.

[2] The Court construes Plaintiff's *pro se* filings liberally.  See *Marcinek v. Comm'r*, 467 Fed. Appx. 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant").

176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)); and

**WHEREAS** a "preliminary injunction is not a shortcut to the merits." *Delaware State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 197 (3d Cir. 2024). The Supreme Court has recognized the limited purpose of a preliminary injunction, which is "merely to preserve the relative positions of the parties until a trial on the merits can be held." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024). A party seeing this extraordinary equitable remedy must demonstrate that the threatened harm would impair the court's ability to eventually grant an effective remedy. *Delaware State Sportsmen's Ass'n*, 108 F.4th at 201 (describing irreparable harm as conduct that could "destroy the property under dispute, kill the other party, or drive it into bankruptcy"). The Third Circuit has cautioned district courts against granting preliminary injunctions that are veiled requests to evaluate the merits of the case expeditiously, because "a rushed judgment is a dangerous one;" *id.* at 203; and

**WHEREAS** Plaintiff has not met her burden to "show both a likelihood of success on the merits and a probability of irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90-91 (3d Cir. 1992). Plaintiff alleges that she and other union members will suffer "irreparable financial harm" if the Court does not grant her relief, (Pl. Mot. at 1), but an injury that is monetary in nature does not meet the standard of irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484–85 (3d Cir. 2000) ("The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages."); *Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir. 1989)

3

("Irreparable harm is suffered where monetary damages are difficult to ascertain or are inadequate."). Furthermore, the harm Plaintiff has identified is speculative.[3]  *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000) ("we have also insisted that the risk of irreparable harm must not be speculative"); *Campbell Soup Co.*, 977 F.2d at 91 ("a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future…the moving party must make 'a clear showing of *immediate* irreparable harm.'") (emphasis in original) (citation omitted).  Plaintiff here offers "no evidence that without a preliminary injunction, the District Court will be unable to decide the case or give [her] meaningful relief." *Del. State Sportsmen's Ass.*, 108 F.4th at 205.  Plaintiff has also failed to allege facts that establish a likelihood of success on the merits in the litigation.[4] *See Reilly*, 858 F.3d at 176; and

    **WHEREAS** the public interest also weighs against issuance of a preliminary injunction here, because Plaintiff has not demonstrated that she exhausted internal union remedies. "Congress enacted the LMRDA to remedy abuses in union elections without departing from the 'longstanding congressional police against unnecessary governmental interference with internal union affairs.'" *Solis v. Local 234, Transport Workers Union*, 585 F.3d 172, 176 (3d Cir. 2009) (quoting *Hodgson v. Local 6799, United Steelworkers of Am.*, 403 U.S. 333, 338 (1971)). "Congress thus included in the Act a requirement that 'union members protesting the conduct of

---

[3] Plaintiff's theory of irreparable harm requires this Court to presume (1) that one of the named Defendants will be successful in the election and (2) one or more Defendants *may* embezzle union funds because they have allegedly done so in the past. (*See* Pl. Mot. at 1-2.)

[4] At this stage of the litigation while discovery is still ongoing, the factual record remains unclear.  Plaintiff attaches as an exhibit to her brief a ten-page decision from the AFSCME judicial panel finding that Plaintiff violated the Local 549 Constitution as well as the AFSCME International Constitution by closing the Local 549 bank account and putting the funds in her name.  (Pl. Br., Ex. 1E at 7.)  Plaintiff also acknowledges in her brief that the union election committee is holding a hearing to determine Plaintiff's eligibility to run for president of the union, which has been challenged by other union members. (*Id.* at 1-2.)

elections exhaust their internal union remedies before complaining to the Secretary....'" *Id.* (citing *Hodgson*, 403 U.S. at 336; 29 U.S.C. § 482(a)). Thus, the public interest weighs in favor of Plaintiff exhausting internal union remedies. *Sickman v. Commc'ns Workers of Am.*, No. 99-5582, 1999 WL 1045145, at *3–4 (E.D. Pa. Nov. 16, 1999), *aff'd*, 230 F.3d 1349 (3d Cir. 2000). Accordingly, Plaintiff's motion for a preliminary injunction order is **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Parties
     Andre M. Espinosa, U.S.M.J.

5