<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LEONA CASIANO,<br><br>*Plaintiff*,<br><br>v.<br><br>ELIJAH ADDISON, LAURA MORRISON, THERESA STUBBS, MARLENE COLUIN, QUINTON PRIOLEAU, and GLADYS JACOBS,<br><br>*Defendants*. | Civil Action No. 23-23358<br><br>**OPINION**<br><br>August 13, 2026 |

**SEMPER**, District Judge.

  **THIS MATTER** comes before the Court upon a Motion for Summary Judgment filed by Defendants Elijah Addison, Laura Morrison, Theresa Stubbs, Marlene Coluin, Quinton Prioleau, and Gladys Jacobs ("collectively, Defendants") on January 16, 2026. (ECF 78, "Motion" or "Mot.") Plaintiff did not file an opposition brief responding to Defendants' Motion. This matter was decided by the Court upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons discussed below, Defendants' Motion is hereby **GRANTED**.

1

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff, proceeding *pro se*, has been an employee of Bergen New Bridge Medical Center ("New Bridge") for over 20 years. (SUMF ¶¶ 1, 15.) Defendants are current and former employees of New Bridge. (*Id.* ¶ 2.) All parties are former or current union members of the American Federation of State, County, and Municipal Employees ("AFSCME"), specifically the AFSCME Local 549. (*Id.* ¶¶ 11, 13.) Though the AFSCME possesses an International Constitution, Local 549 maintains its own constitution ("the Local 549 Constitution"). (*Id.* ¶ 11.) Local 549, through AFSCME, is a party to a contract with New Bridge. (*Id.* ¶ 14.)

Local 549 has an executive board comprised of seven members, including the president, vice president, secretary-treasurer, recording secretary, and three executive board members ("Executive Board"). (*Id.* ¶ 37.) The Local 549 Constitution provides that the president and the secretary-treasurer have the authority to write out checks on behalf of the union, and the vice president may co-sign checks in the place of the president or secretary-treasurer with the approval of the local board. (*Id.* ¶¶ 38-40.)

Plaintiff alleges that on March 25, 2022, Defendants issued themselves checks in the amount of $500 each from the AFSCME Local 549 union bank account. (Compl. at 1.) She claims the alleged withdrawals were made without proper authorization under the Local 549 Constitution. (*Id.*) Plaintiff also alleges that Defendant Elijah Anderson ran for a position on AFSCME Local 549's Executive Board while he was not a member of Local 549 in good standing. (*Id.* ¶ 59.) Furthermore, Plaintiff alleges that Defendants filed "false charges" against her, which resulted in her being barred from running for an elected position on the Executive Board for a period of three

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, "Compl."), Defendants Statement of Undisputed Material Facts (ECF 78-4, "SUMF"), Defendants' brief in support of the motion for summary judgment (ECF 78-3, "Defendants Brief" or "Defs. Br.")

years.[2]  (Defs. Br. at 1.)  In her Complaint, Plaintiff alleged violations of the Labor-Management Reporting and Disclosure Act ("LMRDA").[3]

## II.    LEGAL STANDARD

A moving party is entitled to summary judgment if "the record shows that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law." *Qin v. Vertex, Inc.*, 100 F.4th 458, 469 (3d Cir. 2024).  A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment.  *Id.*  A moving party may also be entitled to summary judgment if they "demonstrate that the nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case'" which that party must prove at trial.  *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 630 (3d Cir. 2024) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986)).  A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter, but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

---

[2] Plaintiff alleges that Defendants falsely reported to the AFSCME Judicial Panel that she misappropriated $41,928.15 of union funds by withdrawing a check form the union's bank account in her name without approval.  (SUMF ¶ 68.)

[3] Plaintiff alleges violations of 29 U.S.C. §§ 524(a), 481(h), 481(e), 401 sec. 2(b), and 530.

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

## III.   ANALYSIS

### A. Law of the Case Doctrine

Defendants' first argument is that Plaintiff is barred from bringing this matter by the law of the case doctrine. Defendants argue that Plaintiff may not bring a case arising from (1) her alleged wrongful removal from her position as president of Local 549; or (2) alleged embezzlement of union funds by the Executive Board. (*See* Defs. Br. at 5.) Defendants state that "[o]n September 8, 2023, Plaintiff filed suit in New Jersey District Court with identical allegations as those presented in the present matter." (*Id.*) The Complaint filed on September 8, 2023 ("initial Complaint") was dismissed without prejudice by the court for failure to assert any basis for subject-matter jurisdiction. (*Id.* at 1; *see also* Defs. Mot., Exhibit O.) Plaintiff was given thirty days to file an amended complaint. (*Id.*) However, rather than filing an amended complaint in the ongoing matter, Plaintiff filed a new complaint in this Court. (Defs. Br. at 5.) Defendants argue that "[t]he circumstances do not warrant this Court to revisit its prior decision," barring this Court from considering the issues presented here. (*Id.*) For the reasons discussed below, the Court holds that the issues presented at this stage were not decided by the Court previously, and the law of the case doctrine does not apply.[4]

---

[4] To support their argument that this action arises from the same set of facts as the previously filed initial Complaint, Defendants note that Plaintiff testified in her deposition that the September 8, 2023 lawsuit "was [about] the same thing here, violating my rights as a member." (Defs. Mot., Exhibit G, "Deposition of Plaintiff" or "Pl. Dep." T172:7-9.) The Court notes that while Plaintiff stated in her deposition that the September 8, 2023 initial Complaint also involved claims of

4

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see also Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once is has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018))). A court can, however, reconsider a previously decided issue if extraordinary circumstances exist, "such as if new evidence becomes available, a supervening law has been introduced, or the prior decision was 'clearly erroneous and would create manifest injustice.'" *Walker v. Coffey*, 956 F.3d 163, 170 (3d Cir. 2020) (quoting *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)). This Circuit has also held that the law of the case doctrine applies to the litigation of issues that a prior court has decided in a closely related case. *See Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d 848, 856 n.11 (3d Cir. 1994) (holding the law of the case doctrine applies "to subsequent rulings by the same judge in the same case or a closely related one[.]").

Even if the Court accepts Defendants' argument that this action and the initial Complaint constitute the same case, application of the law of the case doctrine is not appropriate here. The arguments presented by Plaintiff were not previously decided as Defendants contend. (Defs. Br. at 5.) In screening the initial Complaint, the Court performed a limited analysis under 28 U.S.C. § 1915 to determine if the complaint had a basis for federal jurisdiction. (SUMF ¶ 32.) Here, the

---

embezzlement by Defendants, Plaintiff contends the prior lawsuit had "nothing to do with this case" and it is "not relevant to this case." (*Id.* at T171:11-18.) Therefore, a genuine dispute of material fact exists as to whether the two actions are closely related or the same, precluding summary judgment on law of the case grounds.

Court is determining Plaintiff's claims on the merits, and subject-matter jurisdiction is not at issue. The law of the case doctrine does not limit the Court's ability to decide matters which have not actually been determined.

In support of their argument, Defendants cite to *Bellevue Drug Co. v. Caremark PCS* (*In re Pharmacy Benefit Managers Antitrust Litig.*), 582 F.3d 432 (3d Cir. 2009). In *Bellevue*, the Third Circuit held that a judge newly assigned to a case could not vacate an order made by a previous judge under the law of the case doctrine. *Bellevue*, 582 F.3d at 434, 440-441. The Court held that the law of the case doctrine barred reconsideration of the previous order because none of the relevant exceptions applied. *Id.* at 439. Key to the Third Circuit's analysis in *Bellevue* was the fact that the order to vacate was "clearly inconsistent with [the assignor judge's] findings and legal conclusions[.]" *Id.* That is a different circumstance than the one presented in the instant matter. Plaintiff is not asking the Court to decide an issue of law that was previously decided by a prior court, and the Court need not contradict previous legal conclusions to decide the present Motion.

Plaintiff filed a new suit alleging different claims and causes of action than in the initial Complaint. The initial Complaint purported to be based on diversity jurisdiction, and only state law causes of action were asserted. (*See* Defs. Mot., Exhibit N.) Plaintiff did not assert claims under the LMRDA or bring claims against the present Defendants as she does here. (Defs. Br. at 5.) The law of the case doctrine only applies "when the two courts have resolved the 'same issue.'" *Khalil v. Joyce*, 777 F. Supp. 3d 369, 376 (D.N.J. 2025). "The doctrine does not apply when the first judge never decided the precise issue before the second judge." *Id.* (quoting *Chi. Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 818 (7th Cir. 2018)). Since the initial Complaint

6

was dismissed only for lack of subject-matter jurisdiction, the law of the case doctrine does not prevent this Court from deciding the federal issues presently before it.

Even if this Court could apply the law of the case doctrine, it would decline to do so. *See id* ("When the doctrine is in play, it is discretionary."). Defendants recognize that a district judge has the discretion to decide whether to utilize the doctrine. (*See* Defs. Br. at 4); *see also Centennial Plaza Prop, LLC v. Trane U.S. Inc.*, 771 F. Supp. 3d 481, 487 n.6 (D.N.J. 2025). The Court holds that applying the law of the case doctrine is not appropriate in this instance. No decision on the merits of Plaintiff's arguments was made in the initial case, and the present Complaint asserts different causes of action from the initial Complaint.

**B. Plaintiff Presents No Viable Cause of Action**

Defendant argues that if this case is not dismissed pursuant to the law of the case doctrine, it must be dismissed because Plaintiff has not presented a viable cause of action. (Defs. Mot. at 6.) The Court agrees that Plaintiff has failed to present a cause of action, even under the light most favorable to her. In her Complaint, Plaintiff asserts causes of actions under the LMRDA. (*Id.*; *see generally* Compl.) Defendants argue that the provisions of the statue Plaintiff relies on either have no jurisdiction over Local 549 or do not present a private cause of action under which Plaintiff may file suit. The Court examines each argument in turn.

    1.   The LMRDA Does Not Apply to Local 549

Defendants argue that New Bridge does not meet the definition of "employer" under the LMRDA because the statute excludes political subdivisions of a State from its definition of "employer." (Defs. Br. at 8.). 29 U.S.C. § 402(e) states:

"Employer" means any employer or any group or association of employers engaged in an industry affecting commerce … but does not include the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof.

7

29 U.S.C. § 402(e). New Bridge, as a publicly owned and operated hospital, is considered to be a political subdivision of the State of New Jersey. *See Carter v. Buttonwood Hosp.*, No. 12-6504, 2013 WL 211108, at *4 (D.N.J., Jan. 17, 2013). (holding a hospital owned by a municipality is a public entity). Since New Bridge is a political subdivision of the State, the Court concludes that the LMRDA does not apply to Local 549.[5]

2.   Title IV of the LMRDA Does Not Grant Plaintiff a Private Cause of Action

Defendants argue that even if the LMRDA applied to Local 549, Plaintiff did not file suit under a provision of the law conveying her with a private cause of action. (*See* Defs. Br. at 8.) It is well established that the LMRDA only provides a private cause of action for violations of a member's individual rights secured by Title I of the statute. *Calhoon v. Harvey*, 379 U.S. 134, 138 (1964) ("Jurisdiction of the District Court under § 102 of Title I depends entirely upon whether this complaint showed a violation of rights guaranteed by § 101(a)(1)[.]"); s*ee also Kraska v. United Mine Workers of Am.*, 686 F.2d 202, 205 (3d Cir. 1982) ("Title I guarantees to each union member equal rights to participate in union affairs, freedom of speech and assembly, and the right to sue."). Title IV of the LMRDA "regulates union election procedures such as the frequency of elections, the distribution of campaign literature, the inspection of membership lists, the eligibility of candidates for office, campaign financing, and the removal of officers guilty of serious misconduct." *Id*.

---

[5] Defendants also argue that "the LMRDA does not cover unions that 'are comprised solely of public sector workers'" (Defs. Br. at 7 (quoting *Averhart v. Commc'ns Workers of Am.*, No. 10-6163, 2016 WL 2625326, at *3 (D.N.J. May 9, 2016), *aff'd and remanded*, 688 F. App'x 158 (3d Cir. 2017))) and that the LMRDA does not cover New Bridge because it is not engaged in "activities affecting interstate commerce." (*Id.*) However, the Court need not address these arguments because New Bridge does not meet the definition of "employer" under the statute as discussed above.

Despite the fact that the two Titles have overlapping substantive similarities, Title IV requires a union member to file a complaint with the Department of Labor to allege a violation of the statute, rather than filing suit in federal court. *Id.* ("[A] plaintiff can proceed directly under Title I or must instead refer his complaint to the Secretary of Labor under Title IV."). As Defendants state in their brief, Plaintiff testified at her deposition that she never filed a complaint with the Department of Labor as required by the LMRDA. (*See* Defs. Br. at 9; Pl. Dep. at T37:15-38:4.) Furthermore, alleged violations of Title IV do not present a cause of action under Title I. *Calhoon*, 379 U.S. at 139-40 ("We hold that possible violations of Title IV of the Act regarding eligibility are not relevant in determining whether or not a district court has jurisdiction under … the Act."). Accordingly, the Court holds that Plaintiff may not bring claims under 29 U.S.C. §§ 481, or 482.[6]

**C.      There Are No Material Facts In Dispute, Precluding Summary Judgment[7]**

    1.   Alleged Improperly Issued Checks

---

[6] Plaintiff also brings claims under LMRDA §§ 401, 524(a) and 530. As explained in Defendants' brief, § 401 is a declaration of policy and congressional intent. (Defs. Br. at 8.) Courts may not create a cause of action to further Congressional policy. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Section 524(a) does not create a private cause of action, it instead vests States with the authority to enforce criminal laws against labor organizations. (Defs. Br. at 8; § 524(a).) Section 530 prohibits the use or threat of force or violence to interfere with an individual's exercise of rights granted by LMRDA. *See* 29 U.S.C. § 530. The Court finds there is no Congressional intent to have private individuals enforce criminal penalties, and therefore no private cause of action. *See Alexander*, 532 U.S. at 286 (holding courts must "interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy").

[7] Plaintiff alleges that Defendant Addison improperly ran for a position on the Executive Board while he was not a member in "good standing." (Defs. Br. at 14; SUMF ¶ 59.) The Court concludes Plaintiff has no basis to assert this claim in this Court, because she does not allege her rights under Title I of the LMRDA were violated by this conduct. *See Averhart*, 688 F. App'x at 163 (holding a plaintiff could not make a claim under the LMRDA because "he did not present evidence that he was denied a right or privilege that he should have been granted").

9

Plaintiff claims that Defendants wrote out checks to themselves in the amount of $500. (Defs. Br. at 11.)  She contends that the checks were issued without proper authorization.  (*Id.*)  Defendants argue this allegation lacks support in the record.  (*Id.*)  In support of their argument, Defendants note that the Local 549 Constitution allows the president, vice president, and secretary-treasurer to sign checks.  (*See id*; Defs. Mot., Exhibit E, Article VI, Section 2.)  Plaintiff acknowledged that these Executive Board members have this authority at her deposition.  (Pl. Dep. T27:13-19.)  Plaintiff has presented no evidence that any Executive Board member besides the president, vice president, or secretary treasurer signed checks that were issued to union members. Defendant Elijah Addison testified that during his tenure as president, his vice president and secretary-treasurer signed checks and they had Executive Board approval to do so.  (Defs. Mot., Exhibit M, "Elijah Addison Deposition" or "Addison Dep." at T20:7-11.)  Additionally, other Defendants deposed in this matter testified that all checks they received "were voted and approved by the executive board."  (*See* Defs. Mot., Exhibit H, "Theresa Stubbs Deposition" or "Stubbs Dep." at T21:19-20; Exhibit J, "Quinton Prioleau Deposition" or "Prioleau Dep." at T8:20-9:1.) All Defendants testified that they have never received a check that was not approved by the Executive Board or its members.  (Defs. Br. at 14.)

As Defendants note, "Plaintiff has failed to produce any document or elicit any testimony supporting that any expenditure was improper."  (*Id.*)  At this stage, the Court must grant summary judgment in favor of Defendants on this issue because Plaintiff has not presented facts to dispute Defendants' testimony.  Summary judgment is appropriate when "the nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case[.]'" *See Mall Chevrolet, Inc*, 99 F.4th at 630.

2.  Alleged False Charges Made Against Plaintiff

Plaintiff alleges that Defendants filed "false charges against her with the AFSCME Judicial Panel related to her alleged misappropriation of §41,928.15 of union funds." (Defs. Br. at 15.) In support of her argument, Plaintiff claims that Defendant Laura Morrison admitted to making false claims against Plaintiff at her deposition. (ECF 77 at 6.) However, Plaintiff has not included the relevant deposition testimony in this record, so the Court cannot verify whether an admission was made. Nonetheless, the Court concludes that it lacks jurisdiction to decide this claim.

On June 22, 2022, the AFSCME International President placed Local 549 under an administratorship. (Defs. Br. at 16.) A Judicial Panel hearing occurred where Plaintiff opposed the administratorship. (*Id.*) Defendants presented evidence at the hearing demonstrating that Plaintiff engaged in misconduct by withdrawing union funds in her name without approval from the Executive Board's bank account, and refused to disclose the union's bankbook despite repeated requests. (*Id.* at 16-17.) The Judicial Panel sustained several charges made against Plaintiff and concluded she was guilty of misappropriation, embezzlement, or the improper or illegal use of union funds. (*Id.*) Plaintiff appealed this decision to the International Convention, but the appeal was denied. (*Id.* at 18.)

Plaintiff now claims the allegations made against her constitute false charges or defamation, and files suit against Defendants. (ECF 77 at 7.) However, defamation claims are not appropriate under LMRDA simply because the alleged defamation occurred during a union proceeding. *Gerow v. Kleinerman*, No. 01-138, 2002 WL 1625417, at *3 (D.N.J. July 2, 2002) ("Even for alleged defamation occurring during a Union election, Defendants have provided no authority for the proposition that such factual circumstances transform Plaintiff's common law tort

11

claims into federal questions.").[8]  Therefore, Plaintiff must rely on state law to further her defamation claim.  This Court has no jurisdiction over state law claims because complete diversity is not satisfied.  *See generally, Freidrich v. Davis*, 767 F.3d 374 (3d Cir. 2014) (dismissing a tort claim because complete diversity is not satisfied); *see also Vogel v. Go Daddy Group, Inc.*, 266 F. Supp. 3d 234, 236, 239 (D.D.C. 2017) (dismissing a defamation claim brought by plaintiff who did not show complete diversity).  To the best of the Court's knowledge, Plaintiff and at least one Defendant are residents of New Jersey.  (SUMF ¶¶ 15-29.)

The Court, in its discretion, declines to exercise supplemental jurisdiction over this claim, because the federal claims were not properly brought.  *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 19 F. Supp. 2d 263, 269 (D.N.J. 1998).  Courts consider several factors when declining to exercise supplemental jurisdiction, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claim[.]"  *Id.* (quotations omitted).  Here, Plaintiff brought claims under federal statutes that provided her with no cause of action to sue.  (*See generally* Compl.)  Although the nature of the state law is not particularly complex, nor does it rely on an unresolved issue of state law, this Court has declined to exercise supplemental jurisdiction when the federal claims are not well-pled.  *See, e.g.*, *Dunbar v. Payless Car Sales*, No. 25-16729, 2026 WL 229657, at *4 (D.N.J. Jan. 28, 2026) (slip copy) ("Plaintiff has not adequately pleaded a cause of action arising under federal law and there is therefore no basis to exercise supplemental jurisdiction over

---

[8] Furthermore, Plaintiff has not adequately demonstrated that any alleged defamation violated her rights as a union member under Title I of the LMRDA.  Plaintiff had procedures and rights available to her during the Judicial Panel (SUMF ¶ 72) and she does not allege any rights or procedures were unavailable to her or were violated.  (*See generally* Compl.)  *Cf. Clark v. Esser*, 907 F. Supp. 1069, 1077-78 (E.D. Mich. 1995) (holding a retaliatory state court defamation suit gave rise to a claim under the LMRDA because the suit violated free speech rights protected by the LMRDA).

Plaintiff's remaining … claims under New Jersey law."). Accordingly, the Court holds that it has no jurisdiction over Plaintiff's defamation claim and dismisses it for lack of subject-matter jurisdiction.

## IV.    <u>CONCLUSION</u>

For the reasons discussed above, Defendants' Motion for Summary Judgment is hereby **GRANTED**. Plaintiff's defamation claim is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. An appropriate order follows.


*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**


Orig:       Clerk
cc:          Andre M. Espinosa, U.S.M.J.
             Parties

13